TROY LAW, PLLC
John Troy (JT0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342

*Attorney for Named Plaintiffs and the FLSA Collective Plaintiffs*

CV 13 - 3221

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
XUE MING GU and HAIYUN QIAN,
on behalf of themselves and others similarly
situated,

                Plaintiffs,

    v.

PHILIPPE NORTH AMERICA
RESTAURANTS LLC, DAVE 60 NYC, INC.
d/b/a PHILIPPE RESTAURANT, PHILIPPE
MIAMI LLC, PHILIPPE MIAMI SOBE LLC,
PHILIPPE CHOW BOCA LLC, PHILIPPE
CHOW, and STRATIS MORFOGEN,

                Defendants,
------------------------------------------------------------X

INDEX NO.

**COMPLAINT**

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

1.      Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

2.      This court has original federal jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims,

1

as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct businesses in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant Philippe North America Restaurants LLC is a New York corporation whose principal place of business is located in Manhattan, New York. Upon information and belief, Philippe North America Restaurants LLC is a parent corporation that controls and directs the activities of the other Defendant corporations. Upon information and belief, Philippe North America Restaurants LLC has an annual gross volume of sales in excess of $500,000.

6. Defendant Dave 60 LLC is a New York Corporation. Dave 60 LLC operates Philippe Restaurant in Manhattan, New York. Upon information and belief, Dave 60 LLC has an annual gross volume of sales in excess of $500,000.

7. Defendant Philippe Miami LLC ("Philippe Miami") is a Florida Corporation. Philippe Miami LLC operates Philippe Restaurant in Miami, Florida. Upon information and belief, Philippe Miami LLC has an annual gross volume of sales in excess of $500,000.

8. Defendant Philippe Miami Sobe LLC ("Philippe Miami Sobe") is a Florida Corporation. Philippe Miami Sobe LLC operates Philippe Restaurant in Miami

Beach, Florida. Upon information and belief, Philippe Miami Sobe LLC has an annual gross volume of sales in excess of $500,000.

9. Defendant Philippe Chow Boca LLC ("Philippe Chow Boca") is a Florida Corporation. Philippe Chow Boca LLC operates Philippe Restaurant in Boca Rota, Florida. Upon information and belief, Philippe Chow Boca LLC has an annual gross volume of sales in excess of $500,000.

10. Prospective defendant Philippe Jericho LLC ("Philippe Jericho") is a New York Corporation. Philippe Jericho LLC operated Philippe Restaurant in Jericho, New York until the restaurant closed in March 2012. Upon information and belief, Philippe Jericho had an annual gross volume of sales in excess of $500,000. Philippe Jericho filed for bankruptcy under Chapter 7 of the Bankruptcy Code on April 18th, 2013. If and when the law permits, Plaintiffs will join Philippe Jericho to Defendants in this case.

11. Prospective defendant Philippe Hamptons Inc. ("Philippe Hamptons") is a New York Corporation. Philippe Hamptons Inc. operates Philippe Restaurant in East Hampton, New York. Upon information and belief, Philippe Hamptons Inc. has an annual gross volume of sales in excess of $500,000. Philippe Hamptons filed for bankruptcy under Chapter 7 of the Bankruptcy Code on April 22nd, 2013. If and when the law permits, Plaintiffs will join Philippe Hamptons to Defendants in this case.

12. Philippe North America Restaurants LLC, Dave 60 LLC, Philippe Miami LLC, Philippe Miami Sobe LLC and Philippe Chow Boca LLC are hereinafter collectively referred to as "Philippe Chow Restaurant Group".

13. Defendant Philippe Chow is co-owner and Executive Chef of Philippe Chow Restaurant Group. Upon information and belief, Defendant Chow exercises

3

sufficient control of Philippe Chow Restaurant Group's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

14. Defendant Stratis Morfogen is co-owner and Chief Operating Officer of Philippe Chow Restaurant Group. Upon information and belief, Defendant Morfogen exercises sufficient control of each Philippe Chow Restaurant Group's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

15. Defendant Chow and Defendant Morfogen are each part owners of Philippe North America Restaurants LLC, Philippe Jericho LLC, Dave 60 LLC, Philippe Hamptons Inc., Philippe Miami LLC, Philippe Miami Sobe LLC and Philippe Chow Boca LLC.

16. Defendant Chow and Defendant Morfogen have the power to hire and fire Philippe Chow Restaurant Group Employees.

17. Philippe Chow Restaurant Group's managers reported to Defendant Chow and Defendant Morfogen.

18. Defendant Chow and Defendant Morfogen were actively involved in managing the restaurants' operations. For example, Defendant Chow created the menu for each restaurant and would regularly inspect the kitchen in the restaurant. Defendant Morfogen hired and fired employees and oversaw the finances for the restaurant. Plaintiffs regularly witnessed Defendant Morfogen on the floor of the restaurant giving orders and disciplining employees.

19. Plaintiff Xue Ming Gu was employed by Defendants as a chef at Philippe Jericho at 399 Jericho Turnpike in Jericho, NY from December 2010 until June 2011.

20. Plaintiff Haiyun Qian was employed by Defendants as a chef from about May 2007 until February of 2013 at various locations.

   a) From around May 2007 until April 2008, Plaintiff Qian worked as a chef at Philippe Restaurant located at 33 East 60th Street, New York, NY 11022.

   b) From around May 2008 until August 2008, Plaintiff Qian worked as a chef at Philippe Miami located at 2305 Collins Avenue, Miami Beach, FL 33139.

   c) From around May 2009 until August 2009, Plaintiff Qian worked as a chef at Philippe Hamptons located at 44 Three Mile Harbor Road, East Hampton, NY 11937.

   d) From around 2009 till 2010, Plaintiff Qian worked as a chef at Philippe Restaurant located at 469 6th Avenue, New York, NY 10011

   e) From around 2011, Plaintiff Qian worked as a chef at Philippe Chow Boca in 200 East Palmetto Park Road, Boca Raton, FL 33431.

   f) From around November 2011 until August 2012, Plaintiff Qian worked as a chef at Philippe Jericho located at 399 Jericho Turnpike, Jericho, NY 11753 and

   g) From around November 2012 until February 2013, Plaintiff Qian worked a chef at Philippe Miami Sobe located at 36-40 Ocean Drive, Miami Beach, FL 33139.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring the First Claim for Relief as a collective action pursuant to § 16 (b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed

by Defendants at any of their locations who hold/held the position of Kitchen Worker, on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

22. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

23. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

24. Plaintiffs bring the Second, Third, Fourth, and Fifth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their New York locations who hold/held the position of Kitchen Worker on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

25. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. Furthermore, for purposes of notice and other purposes related to this action, their names addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

26. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

27. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to provide overtime compensation, spread of hours, notice of wages and record keeping. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other members of the Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

28. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by an

experienced and competent attorney in both collective and class action employment litigation cases.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

31. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law.
   b) Whether Plaintiff and Class members are entitled to overtime under the New York Labor Law.
   c) Whether Defendants paid Plaintiff and the Class members the overtime rate required by the New York Labor Law for hours worked in excess 40 per workweek.

## FACTS

33. Plaintiffs' consent to the sue forms which are attached hereto as Exhibit 1.

34. Defendants committed the following alleged acts knowingly, intentionally and willfully.

35. Defendants knew that the nonpayment of overtime and the spread of hours premium would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

36. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

37. Plaintiffs' and the New York Class Members' workdays often lasted longer than 10 hours.

38. Defendants did not pay Plaintiffs and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

39. Defendants did not provide Plaintiffs and other Class members' with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs' and other Class members' pay increase.

40. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

### FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

41. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

42. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs

43. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

44. At all relevant times, Defendants had and operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Plaintiffs and FLSA Collective Plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failed to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

45. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs the FLSA Collective Plaintiffs at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

46. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650, *et seq.*,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4,**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

47. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporates by reference all previous paragraphs as if they were set forth again herein.

48. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

49. Throughout the Class Period, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs and the members of the Class at the required overtime rate of one-and-one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

50. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs, and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. Law § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6
Brought by Plaintiffs on Behalf of Themselves and the Class)

51. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

52. Plaintiffs and the members of the Class regularly had workdays that lasted more than ten (10) hours.

53. Plaintiffs regularly worked eleven (11) hours for every business day.

54. Defendants willfully and intentionally failed to compensate Plaintiffs and members of the Class one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

55. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre and post-judgment interest, costs, and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
(New York Notice of Pay Rate Requirements
N.Y. Comp. Code R. & Regs. tit. 12, § 146-2.2
Brought by Plaintiffs on Behalf of Themselves and the Class)

56. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

57. Defendants did not provide Plaintiffs and the members of the Class with a written notice containing employee's hourly pay rate, overtime pay rate etc. as required by NYRR § 146-2.2.

58. As a result of Defendants' unlawful conduct, Plaintiffs and the members of the Class have sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fee and cost pursuant to state law.

## FIFTH CLAIM FOR RELIEF
(New York Record Keeping Requirements
N.Y. Comp. Code R. & Regs. tit. 12, § 146-2.1
Brought by Plaintiffs on Behalf of Themselves and the Class)

59. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

60. Defendants did not maintain, establish and preserve Plaintiffs' and the members of the Class' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

61. As a result of Defendants' unlawful conduct, Plaintiffs and the members of the Class have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 2169b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiffs as Representatives of the Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under the applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: Flushing, New York
May 31, 2013

Respectfully submitted,

TROY LAW, PLLC

By: _____
John Troy
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342

*Attorney for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*